UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM L. HUNTRESS; ACQUEST DEVELOPMENT, LLC; ACQUEST TRANSIT, LLC; and ACQUEST WEHRLE, LLC,

                        Plaintiffs,

v.                                      **DECISION AND ORDER**
                                            12-CV-559S

WALTER E. MUGDAN et al.,

                        Defendants.

1. Presently before this Court is Plaintiffs' motion to vacate the stay previously imposed in this civil matter. At the time this action was filed, a related criminal indictment, Case No. 1:11-cr-347-WMS-JJM, was pending against three of the four Plaintiffs. Defendants therefore moved for a stay of the civil action until the criminal proceeding could be resolved. This indictment was dismissed in March 2013, however, the dismissal was without prejudice and, in August 2013, this Court granted Defendants' motion to stay upon the parties' mutual representation regarding the best course of action. A second indictment was filed against Plaintiffs Huntress, Acquest Development, LLC, and Acquest Transit, LLC in September 2013 (Case No. 1:13-cr-199-WMS-JJM), and the matter has remained stayed since that time. Trial in the criminal proceeding is scheduled to commence on January 12, 2016 before this Court.

2. The determination whether to impose or continue a stay of civil proceedings pending the resolution of a parallel criminal proceeding is a matter within this Court's discretion. Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003). Relevant factors to be considered include:

1

>    (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interests of the courts; and (6) the public interest.

Garcia-Botello, 218 F.R.D. at 74.

3.    Plaintiffs assert four causes of action in their amended complaint. The first two claims alleged the individual Defendants' civil liability under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), on the ground that these Defendants: (1) violated Plaintiffs' constitutional right to equal protection under the law by selectively singling out Plaintiffs for harassment and prosecution ("class of one" claim); and (2) retaliated against Plaintiffs for exercising their right to free speech by asserting their properties were not subject to Clean Water Act ("CWA") jurisdiction ("retaliatory inducement to prosecution" claim). Plaintiffs' third cause of action seeks injunctive relief against the United States Army Corps of Engineers, specifically the enforcement of a nationwide injunction against the implementation of the "Stockton Rules" imposed by the Southern District of Florida. In their fourth cause of action, Plaintiffs seek relief pursuant to the Administrative Procedures Act for Defendants' alleged arbitrary and capricious assertion of CWA jurisdiction over Plaintiffs' property.

4.    In light of the procedural postures of this case and the criminal proceeding, this Court finds that each of these factors weigh in favor of vacating the stay in this matter. This stay was entered following Plaintiffs' filing of an amended complaint, and the parties previously agreed that Defendants' time to answer or otherwise respond to this amended complaint would be 60 days after the expiration or denial of the stay in this

case. (See Docket No. 20 at 2.) Defendants acknowledge that, upon the lifting of the stay, they will be filing a motion to dismiss the amended complaint. (See Defs' Mem in Opp'n at 7, 11.)  Contrary to Defendants' contention, however, the "outcome and contents of the criminal case" will not affect the arguments in support of such a motion. (Defs' Mem in Opp'n at 11.)  As Plaintiffs emphasize, in considering a motion to dismiss for failure to state a claim, this Court must accept all factual allegations in the complaint as true and make all reasonable inferences in Plaintiffs' favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  Thus, although the outcome of the criminal proceeding may weigh in favor of one party or the other, it will have no effect on whether, for example, Plaintiffs have sufficiently *pleaded* an absence of probable cause in support of their retaliatory inducement to prosecution claim.  See Hartman v. Moore, 547 U.S. 250, 265-66, 126 S. Ct 1695, 164 L. Ed. 2d 441 (2006); see generally Kelly-Brown v. Winfrey, 717 F.3d 295, 308 (2d Cir. 2013) (affirmative defenses may be litigated on a motion to dismiss only where the relevant facts are evident on the face of the complaint).  Similarly, the fact that there is some overlap of "issues, witnesses, facts, and events" between the criminal and civil cases does not weigh in favor of continuing the stay in this particular case, inasmuch as the Court is procedurally obligated to presume the truth of Plaintiffs' allegations.

5. Finally, the timing of the criminal trial renders Defendants' concerns regarding discovery premature.  In the event that that Defendants' motion to dismiss or any similar motion related to the pleadings is fully resolved prior to the end of the criminal trial in six months, this Court will entertain a motion to stay discovery at that time.

IT HEREBY IS ORDERED that Plaintiffs' Motion to Vacate the Stay (Docket No.

54) is GRANTED;

FURTHER, as previously agreed by the parties (Docket No. 20 at 2), Defendants have 60 days from the date of this order to answer or otherwise respond to the Amended Complaint;

FURTHER, that the status scheduled before this Court on Wednesday, July 15, 2015, is canceled.

SO ORDERED.

Dated: June 26, 2015
Buffalo, New York

                                                            /s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                              United States District Judge